Richard RUTHERFORD, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 87–7114.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 1987.[*]

Memorandum Decided Dec. 22, 1987.

Order and Opinion March 15, 1988.

[*] The panel finds this case appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Richard Rutherford, in pro. per.

Max Berueffy, S.E.C., Washington, D.C., for respondent.

Before WALLACE, NORRIS and THOMPSON, Circuit Judges.

## ORDER

The Memorandum disposition filed December 22, 1987, is redesignated as an authored Opinion by Judge Norris.

## OPINION

NORRIS, Circuit Judge:

Appellant Rutherford seeks review of an order of the Securities and Exchange Commission (the "Commission") that bars Ruth-erford from membership or affiliation with the New York Stock Exchange ("NYSE") for two months. The Commission adopted the findings of a three-member panel representing the NYSE which conducted hearings and heard testimony regarding allegations of Rutherford's misconduct. The jurisdiction of this court to review decisions of the Commission resides with 15 U.S.C. § 78y(a)(1) (1982). We review the factual findings of the Commission to determine if they are supported by substantial evidence. *See* 15 U.S.C. § 78y(a)(4) (1982). The Commission's conclusions of law are to be set aside if arbitrary, capricious, or otherwise not in accordance with law. *See* 5 U.S.C. 706(2)(A) (1982).

On March 18, 1983, Rutherford was hired by Dean Witter Reynolds, Inc. ("Dean Witter") to work at its branch office in Ventura, California as a registered representative of that firm. On April 6, 1983, Rutherford completed and signed a Uniform Application for Securities Industry Registration Form U–4. Dean Witter submitted the Form U–4 to the NYSE in order to obtain approval of Rutherford as a registered representative of Dean Witter. The Form U–4 inquired whether the affiant had ever "been arrested or indicted for any felony or misdemeanor ... involving any crime in which violence or threats of violence against any person ... was a factor...."

Although Rutherford had been arrested at least three times and convicted once for violence-related crimes,[1] Rutherford's Form U–4 indicated a "no" answer to the above question. Immediately after being informed of Rutherford's arrest and conviction record, Dean Witter dismissed Rutherford because of his allegedly conscious misstatements on the Form U–4. As a direct result, the NYSE's Department of Enforcement initiated disciplinary proceedings before the NYSE for Rutherford's alleged misconduct, pursuant to NYSE Rule 476(a)(10). *See* 2 New York Stock Ex-

---

1. Rutherford has admitted the following arrests and conviction:

(1) An arrest on a battery charge on April 5, 1970;

(2) An arrest for assault with a deadly weapon on October 5, 1973, and a resulting conviction for his failure to obey the lawful order of a police officer;

(3) An arrest for battery on August 12, 1976.

change Guide (CCH) ¶ 2476. A three member panel representing the NYSE conducted an evidentiary hearing and found that Rutherford had falsified answers on the Form U–4. The hearing panel imposed sanctions upon Rutherford, specifically that he be barred for two months from membership, allied membership, approved person status, and employment or association in any capacity with any of the NYSE members or member organizations. Rutherford appealed the panel's disciplinary action to the Commission, which affirmed the panel's findings and sanctions.

■ Rutherford contends that the Commission erroneously determined that he provided false information on the U–4 form in violation of Rule 476(a)(10) of the New York Stock Exchange. Rutherford asserts that he completed the form honestly, but that the U–4 was subsequently altered after he attested to the form's accuracy. We find substantial evidence in the record to support the Commission's rejection of Rutherford's explanation. As the Commission observed, from the outset Rutherford has provided contradictory explanations for his apparent misstatements and, at various times, has even admitted to providing false information. Moreover, the record indicates that Rutherford provided similar false information on two other forms submitted to Dean Witter—strongly suggesting that Rutherford himself lied on the U–4 form. The Commission's decision not to credit Rutherford's most recent version of the events in this case is amply supported and we will not disturb it.

■ Rutherford also alleges that he has been denied due process. Specifically, Rutherford claims first, that the NYSE hearing panel was prejudiced against him (apparently because of the panel members' affiliation with the NYSE) and second, that his counsel was precluded from conducting discovery or presenting a proper defense. With respect to Rutherford's accusation of bias, he has failed to proffer any credible evidence whatsoever to substantiate his claim that the hearing panel was prejudiced against him. The mere fact that the hearing panel functions as an arm of the NYSE does not suggest bias against Rutherford. *See, e.g., In re C.A. Benson & Co., Inc.,* 42 S.E.C. 107, 112 (1964); *In re Management Financial, Inc.,* 46 S.E.C. 226, 233–34 n. 17 (1976). We therefore reject this aspect of Rutherford's due process claim.

We also reject Rutherford's other claims of procedural unfairness. Initially, we note that Rutherford made no discovery request to the Exchange.[2] He did include a request for discovery in his brief to the Commission, but we find no abuse of discretion in the Commission's rejection of this overbroad and vague request.[3]

■ Rutherford additionally argues that the NYSE had no authority to sanction him because its request for information regarding his criminal record violated Section 432.7 of the California Labor Code which prohibits employers from requesting information about arrests or detentions which did not result in conviction. Rutherford's argument fails. The California provision, by its own terms, is applicable only to employers. The NYSE had not entered into and never intended to enter into an employer-employee relationship with Rutherford.

Rutherford's allegations against the NYSE and Dean Witter (which is not a party to this action) claiming malicious prosecution, criminal conspiracy, loss of

---

2. Rutherford was required to request all evidence he believed relevant to this matter in the proceedings before the NYSE. *See* 17 C.F.R. § 240.19d3(e) (1987). Having failed to request evidence at that time, Rutherford was burdened with showing that the information was material before his discovery request could be granted. *Id.* Rutherford made no such showing.

3. This court reviews rulings concerning discovery for an abuse of discretion. *See Ellis v. Brotherhood of Ry., Airline, & S.S. Clerks,* 685

F.2d 1065, 1071 (9th Cir.1982). Rutherford asked that the Commission grant his request for the employment records of "all persons concerned with the employment, termination and prosecution of Rutherford" at the Commission, NYSE and its member organizations, and also broadly requested all materials past, present, or future, "which touch in any way upon ... [his] employment ..." in the possession of the NYSE, Dean Witter, E.F. Hutton or the Commission.

First Amendment rights, loss of property, perjury, loss of freedom of religion, false imprisonment, and confession under duress, are dismissed as frivolous. We similarly reject Rutherford's contention that the sanctions imposed were either excessive or oppressive.

AFFIRMED.