**William J. HIGGINS, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent,**

**New York Stock Exchange, Intervenor.**

**No. 530, Docket 88–4115.**

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1988.

Decided Jan. 20, 1989.

John T. Buckley, New York City (Larry P. Schiffer, Nancy Cifone, Werner, Kennedy & French, New York City, of counsel), for petitioner.

Rosalind C. Cohen, Asst. Gen. Counsel, S.E.C., Washington, D.C. (Paul Gonson, Sol., Daniel L. Goelzer, General Counsel, Jacob H. Stillman, Associate General Counsel, Andrew S. Bennett, S.E.C., Washington, D.C., of counsel), for respondent.

Russell E. Brooks, New York City (Maureen Bezuhly, Milbank, Tweed, Hadley & McCloy, New York City, of counsel), for intervenor.

Before MESKILL, WINTER and MINER, Circuit Judges.

PER CURIAM:

In this petition filed pursuant to 15 U.S.C. § 78y (1982), William J. Higgins seeks review of a decision of the Securities and Exchange Commission ("the SEC" or "the Commission") approving a proposed change to the rules of the New York Stock Exchange ("the NYSE" or "the Exchange"). The facts underlying this dispute are fully laid out in the decision of the SEC approving the rule change. SEC Release No. 34–25842 (June 23, 1988). We therefore give only a brief description of them here.

Higgins is a member of the NYSE, and as such is granted access to the floor of the Exchange, where the actual trading of stock occurs. Since 1981, Higgins has sought permission to use a portable telephone on the floor of the Exchange, arguing that he does not have the resources larger brokers have to relay and receive messages to and from his clients.

Higgins' original application for a portable phone was denied by the NYSE, but on May 6, 1987, after an appeal by Higgins, the SEC issued an order holding that the

NYSE's rules did not prohibit portable phones and that therefore Higgins should be allowed to use one. This order was stayed until June 10, 1987, after which Higgins was allowed to use a portable phone. On June 12, 1987, the NYSE submitted a proposed rule change to the SEC which would ban portable phones on the floor. The SEC approved this rule on June 23, 1988. Higgins petitions for review of this order, alleging that the decision is not supported by substantial evidence and that it is arbitrary and capricious. He also contends that the SEC did not follow proper procedures but that even if it did, the rule does not apply to him. Higgins' contentions are without merit.

## DISCUSSION

The SEC must review all proposed rule changes of the NYSE. 15 U.S.C. § 78s(b)(1) (1982). The Commission correctly noted the statutory considerations it must follow in reviewing a proposed rule change. SEC Release No. 34–25842; J.App. at 161–62. Factors to be taken into account include the protection of investors and the public, 15 U.S.C. § 78f(b)(5) (1982), the promotion of unburdened competition, 15 U.S.C. § 78f(b)(8) (1982), and the restraint of unfair discrimination among customers and brokers, 15 U.S.C. § 78k–1(a)(1)(C)(ii) (1982).

On review, the Commission's findings of fact are conclusive if they are supported by substantial evidence. 15 U.S.C. § 78y(a)(4) (1982). We review its conclusions of law for arbitrariness, capriciousness, and abuse of discretion, *Rutherford v. SEC*, 842 F.2d 214, 215 (9th Cir.1988); *Belenke v. SEC*, 606 F.2d 193, 199 (7th Cir.1979). In this instance, the Commission engaged in notice and comment rulemaking, using its administrative expertise to balance opposing policy considerations. Where we review agency findings that are not susceptible of certainty and are based on agency expertise, we "must generally be at [our] most deferential." *See Baltimore Gas & Electric Co. v. Natural Resources Defense Council, Inc.*, 462 U.S. 87, 103, 103 S.Ct. 2246, 2255, 76 L.Ed.2d 437 (1983).

The Commission presents no detailed factual record of actual negative effects of portable phone use, but such a record is not necessary. Where a decision is based on abstract policy considerations, "[a] detailed factual record is not required" to support the agency's decision. *See Belenke*, 606 F.2d at 198. The SEC evaluated several harmful consequences that it foresees from such use. These consequences are sufficiently substantial to support its decision. The SEC considered comments about ill effects from the use of portable phones on the floor, such as unfair advantage to institutional customers from immediate access to brokers on the floor, members' use of price change information to trade advantageously before the changes are generally known (tape-racing), and congestion on the floor which would inhibit trading efficiency. As the SEC noted, any harshness that might exist in this rule is offset by allowing phones to be used at the members' booths, just off the floor, and by the "yellow phones," located on the floor itself, which allow members to call their booths from the floor. We therefore reject Higgins' argument that the SEC's decision was not supported by substantial evidence.

Similarly, the decision was not arbitrary, capricious, or an abuse of discretion. The SEC clearly considered and responded to the only comments it received on the proposed rule, those submitted by Higgins, the NYSE, and the investment firm Merrill Lynch. The Commission adequately weighed the competing interests of all those involved, noting that use of portable phones could give one type of customer (institutional shareholders) an unfair advantage over another (small investors) and that the rule would not "impose an unnecessary or inappropriate competitive burden on floor brokers," J.App. at 165. Its careful analysis of these competing interests is sufficient to withstand appellate review.

The decision is not rendered arbitrary, nor were Higgins' due process rights violated, by the lack of a hearing. Higgins contends that NYSE Rule 475 applies to him; this rule provides for a hearing whenever a service offered by the NYSE is denied to an applicant. Higgins' argument

fails. At the present, the SEC's order has been stayed pending appeal. Higgins is using a portable phone. He therefore is not being denied any service offered by the NYSE. When the stay is lifted after appeal, the rule will go into effect and the NYSE will not offer the service of use of a portable phone on the floor. Any process due Higgins was only that due in notice and comment rulemaking. This he received. Not only was he specifically notified that this rule would apply to him if approved, J.App. at 54, but he also submitted his comments to the SEC.

Finally, Higgins' argument that he is somehow grandfathered under the NYSE's rule is absurd and without merit. That he has used a portable phone on the floor does not give him a right to continue to use a portable phone.

We have considered Higgins' other contentions and find them to be without merit.

AFFIRMED.