**FIRST INDEPENDENCE GROUP, INC.; Frank P. Giraldi and Mark S. Milana, Petitioners,**

**v.**

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 1382, Docket 93–4233.

United States Court of Appeals, Second Circuit.

Argued April 18, 1994.

Decided April 29, 1994.

Filed Oct. 5, 1994.

Steven J. Popkin, New York City (Dominick J. Porto, New York City, of counsel), for petitioners.

Judith R. Starr, Sr. Litigation Counsel, S.E.C., Washington, DC (Simon M. Lorne, General Counsel, Jacob H. Stillman, Associate General Counsel, Ross A. Albert, Sr. Counsel, Paul Gronson, Sol., S.E.C., Washington, DC), for respondent.

Before: ALTIMARI, McLAUGHLIN and JACOBS, Circuit Judges.

ALTIMARI, Circuit Judge: *

Petitioners First Independence Group, Inc. ("FIG"), Frank P. Giraldi, and Mark S. Milana (collectively, "petitioners") appeal from an order of the Securities and Exchange Commission ("SEC"), affirming disciplinary action taken against them by the National Association of Securities Dealers ("NASD"). The NASD imposed sanctions on petitioners for, among other things, charging unfair and fraudulent markups to their customers in violation of Article III, Sections 1, 4, and 18 of the NASD's Rules of Fair Practice, and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder. For the reasons that follow, we affirm the order of the SEC.

## BACKGROUND

FIG is a registered broker-dealer and a member of the NASD. Giraldi is the president and co-owner of FIG, and Milana is a registered representative and co-owner of FIG. In 373 transactions between July 1989 and June 1990, petitioners sold securities to their customers at markups from 11.11% to 186.46% above their contemporaneous cost for such securities. All of the sales to customers were riskless principal transactions; that is, FIG bought securities to fill customer orders it already possessed, so that FIG was never subject to market risk. Moreover, all of the transactions involved thinly-traded securities, most of which were not listed on the NASD Automated Quotation system ("NASDAQ"). In ascertaining the appropriate retail sales price, petitioners relied on quotations from other dealers rather than their contemporaneous cost. With respect to non-NASDAQ over-the-counter securities, petitioners would contact all the relevant market makers and set the retail price at the inside ask price for sales.

On March 23, 1991, the NASD District Business Conduct Committee ("DBCC") filed a complaint against petitioners. After a hearing, the DBCC found, among other things, that petitioners had charged their customers unfair and fraudulent markups in violation of Article III, Sections 1, 4, and 18 of the NASD's Rules of Fair Practice ("NASD Rules") and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder. The DBCC also found Giraldi responsible for FIG's failures to disclose these markups on customer confirmations, to implement written procedures to detect and prevent excessive markups, and to report price and volume information for certain transactions. The DBCC censured FIG and imposed a fine of $308,677.40. Giraldi and Milana were fined $62,000 and $40,000 respectively, and both were censured and barred from acting in a supervisory or principal capacity with any NASD member and prohibited from maintaining any proprietary interest in any member. Petitioners appealed to the NASD National Business Conduct Committee ("NBCC"), which on April 2, 1992 affirmed the DBCC's findings and sanctions and additionally required Giraldi and Milana to requalify by examination prior to operating in the securities industry in any manner. Petitioners then appealed to the SEC, which

---

* Because we believe that publication is warranted, we issue this opinion restating in substance the summary order, entered on April 29, 1994, disposing of the appeal in this case.

affirmed the finding of violations and sanctions imposed by order of August 27, 1993. *See* 54 SEC Dkt. 2383, 1993 SEC LEXIS 2193 (Aug. 27, 1993). Petitioners appeal from this order.

## DISCUSSION

We review the legal conclusions of the SEC only for "arbitrariness, capriciousness, and abuse of discretion." *Higgins v. SEC*, 866 F.2d 47, 49 (2d Cir.1989). Factual findings of the SEC, if supported by substantial evidence, are conclusive. *See* 15 U.S.C. § 78y(a)(4) (1988); *F.B. Horner & Associates, Inc. v. S.E.C.*, 994 F.2d 61, 63 (2d Cir.1993).

When a securities firm acts as a dealer, it is entitled to charge a reasonable markup on the wholesale price it pays for the securities. In general, markups in excess of 5% of the prevailing market price are not justified. *See* NASD Rules, Section 4, Interpretation of the Board of Governors—NASD Markup Policy ("NASD Markup Policy"). The current or prevailing market price for use in calculating markups is the price at which dealers trade with one another in the wholesale or inter-dealer market. *See Alstead, Dempsey & Co.*, 47 S.E.C. 1034, 1035 (1984). The best evidence of that price where, as here, the dealer is not a market maker is the dealer's own contemporaneous cost in acquiring the security, absent countervailing evidence. *See Alstead, Dempsey & Co.*, 47 S.E.C. at 1035. *See also* NASD Markup Policy ("In the absence of other bona fide evidence of the prevailing market, a member's own contemporaneous cost is the best indication of the prevailing market price of a security."). Such evidence may consist of a showing of prices actually paid by other dealers for the same securities in transactions close in time. *See Alstead, Dempsey & Co.*, 47 S.E.C. at 1036.

In this case, petitioners' countervailing evidence consisted not of actual sales, but rather of quotations from other dealers. Quotations, however, are generally not a reliable indicator of the prevailing market price. Quotations only propose transactions and do not represent completed arms-length sales.

*See Alstead, Dempsey & Co.*, 47 S.E.C. at 1036–37 ("quotations for obscure securities with limited inter-dealer trading activity may have little value as evidence of the current market"). Because the SEC's findings are based on substantial evidence and its legal conclusions are not arbitrary or capricious, we affirm the imposition of sanctions on petitioners.

## CONCLUSION

We have considered all of petitioners' remaining contentions and find them to be without merit. Accordingly, the order of the SEC is affirmed.