**Robert FITZPATRICK, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**Docket No. 02–4010.**

United States Court of Appeals,
Second Circuit.

May 9, 2003.

Robert Fitzpatrick, Trumbull, CT, pro se.

Christopher Paik, Special Counsel, U.S. Securities and Exchange Commission, Washington, D.C. (Giovanni P. Prezioso, General Counsel, Meyer Eisenberg, Deputy General Counsel, Jacob H. Stillman, Solicitor, on the brief), for Respondent.

Present: HFEINBERG, MESKILL, and JACOBS, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition is **DENIED.**

Robert Fitzpatrick files this petition for review of an order of the Securities and Exchange Commission (the "SEC") sustaining disciplinary action by the National Association of Securities Dealers, Inc. ("NASD") against him. Fitzpatrick, a compliance officer at SFI Investments, Inc. ("SFI") (an NASD member during the relevant period) was sanctioned by the

NASD for failing to timely respond to document requests relating to an investigation of SFI. He was censured, suspended for five business days, and assessed a fine of $2,500. We deny the petition for the following reasons.

1. "In reviewing the SEC's opinion and order, we must affirm '[t]he findings of the Commission as to the facts, if supported by substantial evidence.'" *Valicenti Advisory Servs. Inc. v. S.E.C.,* 198 F.3d 62, 64–65 (2d Cir.1999). We review the SEC's legal conclusions for "arbitrariness, capriciousness and abuse of discretion," *Higgins v. SEC,* 866 F.2d 47, 49 (2d Cir.1989), and the imposition of sanctions for abuse of discretion. *Markowski v. SEC,* 34 F.3d 99, 105 (2d Cir.1994).

■ The NASD's rules impose a duty to respond to document requests on persons associated with member firms. *In re application of Borth and Jones,* 1992 WL 388741, *1 (S.E.C. Release No. 34–31602). The record in this case reflects Fiztpatrick's failure to respond to the NASD's repeated requests for documents beginning in January 1996, despite repeated warnings that failure to respond would result in disciplinary action. Fitzpatrick gave no reason to the NASD for his failure to respond. He now claims that he was not responsible for supplying the NASD with the requested information. The SEC's fact finding to the contrary is supported by substantial record evidence, and we see no abuse of discretion in either the SEC's legal conclusions or the sanctions imposed.

2. Fitzpatrick alleges that there were *ex parte* communications between the panel and opposing counsel. The allegation is solely based upon their presence in the hearing room approximately 10 minutes before he was permitted entry. Affidavits from NASD panel members and counsel refute Fitzpatrick's bare allegations of improper communications. Absent compelling evidence to the contrary, we cannot overturn the SEC's finding that no improper communications occurred.

■ 3. Fitzpatrick challenges several evidentiary rulings by the NASD panel. Even if erroneously admitted, transcript passages from the interview of SFI's president were not prejudicial since Fitzpatrick was required to respond to the NASD's inquiry regardless of his job description. Nor was there any prejudice in the exclusion of evidence related to time periods and requests not material to the present proceedings. The SEC's refusal to overturn these evidentiary rulings was not an abuse of discretion.