**Joseph ABBONDANTE, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 06–0558–ag.

United States Court of Appeals, Second Circuit.

Dec. 12, 2006.

Louis J. Maione, Esq., River Vale, N.J., for Petitioner.

Randall W. Quinn, Assistant General Counsel (Brian G. Cartwright, General Counsel, Securities Exchange Commission,

Jacob H. Stillman, Solicitor, Susan K. Straus, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges, Hon. SIDNEY H. STEIN,* District Judge.

## SUMMARY ORDER

Petitioner Joseph Abbondante petitions for review of an order of the Securities and Exchange Commission ("SEC"), barring Abbondante from associating with any NASD firm in any capacity and ordering him to pay $276,265 plus interest in restitution to his former customers and $6,990 in costs. We assume the parties' familiarity with the relevant facts, procedural history, and specification of issues.

We will affirm the SEC's findings of fact if they are supported by substantial evidence. 15 U.S.C. § 80b–13(a); *Valicenti Advisory Servs., Inc. v. SEC*, 198 F.3d 62, 64 (2d Cir.1999), *cert. denied*, 530 U.S. 1276, 120 S.Ct. 2745, 147 L.Ed.2d 1009 (2000). We will overturn the SEC's legal conclusions if they are arbitrary, capricious, or an abuse of discretion. *First Indep. Group, Inc. v. SEC*, 37 F.3d 30, 32 (2d Cir.1994); *Higgins v. SEC*, 866 F.2d 47, 49 (2d Cir.1989).

■ We affirm for substantially the reasons stated by the SEC. Substantial evidence supports the SEC's findings that Abbondante recklessly made material misrepresentations in violation of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. Abbondante told potential investors that their money would be invested according to a successful trading strategy involving the thirty stocks that compose the Dow Jones Industrial Average, that Womack had earned millions using this trading strategy, that the trading strategy would be profitable regardless of whether the market went up or down so long as it was volatile, that the formula would produce high returns for investors, that they could expect to earn a return of approximately 6–10% on their investments per month, and that the formula had a history of earning better than average returns. None of these statements was true.

Abbondante's failure to investigate the truth of these assertions satisfies the scienter element of section 10(b) and Rule 10b–5. *See Hanly v. SEC*, 415 F.2d 589, 595–96 (2d Cir.1969) (holding that brokers are under a duty to investigate the truth of the assertions they make to their clients regarding a security and may not "recklessly state facts about matters of which [they are] ignorant"); *see also Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 46 (2d Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978) (stating that scienter may be established by showing a reckless disregard for the truth). Further, Abbondante failed to disclose facts that contradicted these predictions, such as, the fact that Womack had sustained losses using his formula in his personal account, abandoned the formula, and continued to suffer losses regardless of his trading strategy. Nor does the investors' knowledge of the speculative nature of the investments absolve Abbondante from recklessly making false statements. *See Hanly*, 415 F.2d at 595–96 & n. 9.

■ Substantial evidence also supports the SEC's finding that Abbondante violat-

---

* The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

ed NASD Rule 3040[1] by engaging in private securities transactions. Abbondante's argument that he did not "participate" in private securities transactions is without merit. The record shows that not only was Abbondante the sole source of information for some of the investors, but also that he admitted that he "brought in a couple of people" to invest in Womack's scheme. This qualifies as participation under Rule 3040, *see Stephen J. Gluckman*, 54 S.E.C. 175, 182–83, and Abbondante was required to give notice to his employer regardless of whether he received selling compensation,[2] *see* NASD R. 3040 (requiring the disclosure of the member's role in any private securities transaction and whether the member had or would receive compensation).

We have considered Abbondante's remaining arguments—that he did not engage in outside business activity in violation of NASD Rule 3030 and that he did not disseminate false account statements—and we find them to be without merit. For the foregoing reasons, the petition for review is **DENIED** and the order of the SEC is **AFFIRMED**.

---

1.  NASD Rule 3040 provides, in pertinent part that "[p]rior to participating in any private securities transaction, an associated person shall provide written notice to [his employer] describing in detail the proposed transaction and the person's proposed role therein and stating whether he has received or may receive selling compensation in connection with the transaction."

2.  Since it is irrelevant whether the funds deposited into Abbondante's account constitute "selling compensation" under NASD Rule 3040, we need not reach the question of whether the SEC impermissibly relied on hearsay evidence.