**Alvin W. GEBHART, Jr., Fallook,
California, Petitioner,**

v.

**SECURITIES AND EXCHANGE
COMMISSION, Respondent.**

**No. 06–71021.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 21, 2007.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Charles F. Goria, Esq., La Mesa, CA, for Petitioner.

Randall Quinn, Atty., William K. Shirey, SEC–Securities & Exchange Commission, Washington, DC, for Respondent.

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

## MEMORANDUM *

Alvin Gebhart and Donna Gebhart ("the Gebharts") bring this petition for review of a Securities and Exchange Commission ("SEC") order imposing sanctions against them for fraudulently offering securities in violation of Section 10(b) of the Securities and Exchange Act of 1934, SEC Rule 10b–5 and NASD Conduct Rule 2120. *See* 15 U.S.C. § 78j; 17 C.F.R. § 240.10b–5. We have jurisdiction pursuant to 15 U.S.C. § 78y(a)(1). We reverse in part, affirm in part and remand.

The Gebharts contend that the SEC erred in determining that they acted with scienter. We review the SEC's factual findings for substantial evidence. 15 U.S.C. § 78y(a)(4). We set aside the SEC's conclusions of law if they are " 'arbitrary, capricious, or otherwise not in accordance with law.' " *Ponce v. SEC,* 345 F.3d 722, 728 (9th Cir.2003) (quoting *Rutherford v. SEC,* 842 F.2d 214, 215 (9th Cir. 1988)).

Scienter may be established by showing that the defendant acted recklessly. *Hollinger v. Titan Capital Corp.,* 914 F.2d 1564, 1568–69 (9th Cir.1990) (en banc). Recklessness in this context is "a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *Id.* at 1569 (quoting *Sundstrand Corp. v. Sun Chem. Corp.,* 553 F.2d 1033, 1045 (7th Cir.1977)). When warranted, the SEC is entitled to infer from circumstantial evidence that a defendant must have been cognizant of an extreme and obvious risk and reject as implausible testimony to the contrary. *See Vernazza v. SEC,* 327 F.3d 851, 860–61 & n. 8 (9th Cir.2003); *In re Software Toolworks Inc.,* 50 F.3d 615, 627 (9th Cir.1994).

The objective component of scienter asks what a reasonably prudent securities professional under the circumstances would have done. *SEC v. Dain Rauscher, Inc.,* 254 F.3d 852, 856–57 (9th Cir.2001). As securities professionals, the Gebharts

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

had an "obligation to investigate" the securities they recommended and make an independent investigation adequate to provide them with a reasonable basis for believing that their representations were "truthful and complete." *See id.* at 857–58. The subjective component looks at an actor's actual state of mind at the time of the relevant conduct. *See In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 977 (9th Cir.1999) (requiring "some degree of intentional or conscious misconduct").

The SEC failed to find that the Gebharts *must* have known that their actions presented a danger of misleading their clients. Rather, the SEC's order is phrased in terms of what a reasonable securities salesperson *should* have recognized. We decline the SEC's invitation to construe its order as having implicitly made the requisite finding. We also question the SEC's contention that the Gebharts are foreclosed from establishing good faith as a defense to scienter simply if they did not have a "reasonable basis for recommending the [securities], because they failed to discharge [their] duty to investigate before making the recommendations." Taken literally, this would seem to eliminate the subjective component of recklessness in failure-to-investigate cases. *See SEC v. Rubera,* 350 F.3d 1084, 1094 (9th Cir.2003) ("Reckless conduct must be something more egregious than even 'white heart/empty head' good faith and represents an extreme departure from the standards of ordinary care such that the defendant must have been aware of it."). The SEC should address this question on remand.

Accordingly, we reverse the SEC's scienter determinations with respect to Section 10(b), Rule 10b–5 and NASD Conduct Rule 2120; vacate the sanctions based

thereon; and remand to the SEC for further findings on the factually intensive question of whether the Gebharts acted with the requisite scienter. *Cf. Urbina–Osejo v. INS,* 124 F.3d 1314, 1318 (9th Cir.1997). We retain jurisdiction over any subsequent petition for review.

The Gebharts' claims of error with respect to NASD Conduct Rule 3040 are without merit. The parties shall bear their own costs.

**REVERSED IN PART, AFFIRMED IN PART AND REMANDED.**