**Roy Ray SEATON, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 79–2317.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 13, 1980.

Decided Jan. 8, 1982.

Alan H. Fein, Miami, Fla., for appellant. Marc M. Watson, Miami, Fla., also entered an appearance for appellant.

Richard A. Kirby, Sp. Counsel, Securities and Exchange Commission, Washington,

**16.** FMC Br. at 12; *see* SOS Br. at 14.

**17.** 21 F.M.C. at 901.

**18.** *See* note 15 *supra.*

D.C., with whom Jacob H. Stillman, Associate Gen. Counsel, Paul Gonson, Sol., Linda W. Otto, Sp. Counsel, Securities and Exchange Commission, were on the brief for respondent. William A. Dietch, Counsel, Securities and Exchange Commission, Washington, D.C., also entered an appearance for respondent.

Before GINSBURG, Circuit Judge, McGOWAN, Senior Circuit Judge, and JOYCE HENS GREEN,* United States District Judge for the District of Columbia Circuit.

Opinion filed PER CURIAM.

PER CURIAM:

Petitioner, a registered representative with two member firms of the National Association of Securities Dealers, Inc. (NASD), seeks review of an order of the Securities and Exchange Commission (the Commission), affirming disciplinary sanctions taken against him by the NASD. The NASD found that on three occasions Seaton sold securities to customers without his employer's knowledge, and that he answered falsely certain questions on an application for registration with another NASD member firm. As a result the NASD censured Seaton and suspended him from association with any NASD member for one year.

The NASD, a national securities association registered with the Commission under Section 15A of the Securities Exchange Act (the Act), 15 U.S.C. § 78o–3, is composed of firms who sell securities in the over-the-counter market and is responsible for regulating its members, subject to supervision by the Commission. The Act requires the NASD to adopt rules to regulate the conduct of its member brokerage firms "to promote just and equitable principles of trade ... and, in general, to protect investors and the public interest ...".[1] Responding to this requirement, the NASD has promulgated Rules of Fair Practice (Rules), which regulate the conduct of its members, and as the Act mandates, the NASD enforces those rules through the imposition of disciplinary sanctions on its members and employees of its members.[2]

Article III, Section I of the Rules provides that:

[a] member, in the conduct of his business, shall observe high standards of commercial honor and just and equitable principles of trade.

NASD Manual (CCH) ¶ 2151. Concerned that an employee's private securities transactions with his own customers and without his firm's knowledge would not only negate adequate member supervision but might also mislead the customer to the belief that the firm sponsors the transactions, the Board of Governors of the NASD issued its interpretation explaining that Article III, Section I of its Rules prohibits securities transactions without prior written notification to the member.[3]

Disciplinary proceedings against petitioner for the three instances of private securities transactions without prior written notification to the employer firm and the false and misleading application for registration with the NASD and the State of Missouri were commenced June 7, 1977 by the District Business Conduct Committee (DBCC) of District No. 4 of the NASD. Petitioner was represented by counsel at the hearing before that body. The DBCC found violations to have been committed as to all four charges, and imposed the sanction of censure and a one year suspension from association with any NASD member. Petitioner appealed this decision to the Board of Governors of the NASD, appearing personally before that Board, which affirmed both the findings and the sanctions of the NASD. Petitioner next sought Commission review pursuant to Section 19(d) of the Act, 15

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. Securities and Exchange Act, Section 15A(b)(6), 15 U.S.C. 78o–3(b)(6).

2. Securities and Exchange Act, Section 15A(b)(7), (8), and 15A(h), 15 U.S.C. 78o–3(b)(7), (8), and (h).

3. NASD Manual (CCH) ¶ 2177.

U.S.C. 78s(d). On September 17, 1979, after independent review of the record, the Commission affirmed the NASD's findings and disciplinary action.

Petitioner admits the violation in regard to the first instance of securities sales without prior notification to his employer, and as to the misleading statements in the application for registration. He urges, however, that these were minor transgressions due solely to inadvertence. As to the other instances of nondisclosure of transactions to his employer, petitioner concedes he did not meet the requirement of prior written permission, but claims that the Commission erred in finding that he did not have oral authority to engage in the sales.

Petitioner argued, relying upon *Whitney v. Securities and Exchange Commission*, 196 U.S.App.D.C. 12, 604 F.2d 676 (1979) and *Collins Securities Corporation v. Securities and Exchange Commission*, 183 U.S.App. D.C. 301, 562 F.2d 820 (1977), that the Commission's decision must be reversed because the DBCC had failed to apply the "clear and convincing" standard of proof mandated by those cases. This argument has been rendered ineffectual by *Steadman v. Securities and Exchange Commission*, 450 U.S. 91, 101 S.Ct. 999, 67 L.Ed.2d 69 (1981), which held that the Commission properly used the preponderance of the evidence test in a proceeding concerning violations of antifraud provisions of the federal securities laws, thereby departing from the requirement of a higher standard imposed by *Whitney* and *Collins*. The standard of proof applied in the instant case is clearly proper under *Steadman*.

Having considered the evidence in the record, and the petitioner's admission to at least technical violations as to all charges, we have no doubt that the Commission's findings are supported by substantial evidence.

It remains to consider petitioner's contention that the Commission abused its discretion in affirming the sanctions im-posed by the DBCC. The Commission has the power to "cancel, reduce or require the remission" of a sanction imposed by a self-regulatory organization if it finds such sanction "excessive or oppressive."[4] Despite the fact that there was no finding of fraud or of harm to any investor, the Commission determined the sanctions imposed were "not unreasonable," because the "pattern of dishonesty" in petitioner's dealings revealed by the record was a matter "of serious concern affecting the public interest."[5] We will not lightly disturb the findings of an agency in its area of expertise. In this case there is an undisputed pattern of repeated violations, the significance of which the Commission is better equipped to judge than this Court. There is no indication that the Commission has abused its discretion in affirming the sanctions.

The decision of the Securities and Exchange Commission is affirmed in all respects.

*It is so ordered.*

---

**4.** 15 U.S.C. 78s(e)(2).

**5.** Opinion of the Commission, R 457–58.