# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued December 12, 2008      Decided May 29, 2009

No. 08-1188

PAZ SECURITIES, INC. AND JOSEPH MIZRACHI,
PETITIONERS

v.

SECURITIES AND EXCHANGE COMMISSION,
RESPONDENT

———

On Petition for Review of an Order
of the Securities & Exchange Commission

———

*David Clarke Jr.* argued the cause and filed the briefs for petitioners.

*Rada Lynn Potts*, Senior Litigation Counsel, Securities & Exchange Commission, argued the cause for respondent. With her on the brief were *Brian G. Cartwright*, General Counsel, *Andrew N. Vollmer*, Deputy General Counsel, *Jacob H. Stillman*, Solicitor, and *Michael A. Conley*, Senior Special Counsel.

Before: GINSBURG and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: PAZ Securities, Inc. and its president, Joseph Mizrachi, petition for review of an order of the Securities and Exchange Commission sustaining sanctions imposed upon them by the National Association of Securities Dealers (NASD).[*] Because the Commission did not abuse its discretion, we deny the petition.

## I.   Background

The facts underlying the petition are detailed in our earlier opinion and we review them only briefly here. For a more complete account, see *PAZ Sec., Inc. v. SEC*, 494 F.3d 1059, 1061-63 (2007) (*PAZ I*).

The NASD repeatedly requested information from PAZ and, having received no response, filed a complaint alleging Mizrachi and PAZ violated NASD Conduct Rule 2110 and NASD Procedural Rule 8210. Mizrachi filed no answer and the NASD issued a default judgment expelling PAZ and barring Mizrachi from ever associating with a NASD member. The petitioners appealed to the Commission, which sustained the sanctions over the objection they were "excessive or oppressive" and therefore subject to remission under 15 U.S.C. § 78s(e)(2).

We reversed and remanded. 494 F.3d at 1061. We held the Commission had abused its discretion in two ways. First, it had mischaracterized, and therefore failed properly to address, the petitioners' arguments regarding mitigation. *Id.*

---

[*] The NASD and the New York Stock Exchange have since merged their member regulation functions into one self-regulatory organization, the Financial Industry Regulatory Authority (FINRA). *See* Exchange Act Release No. 56,145, 72 Fed. Reg. 42,169 (2007).

at 1065. Second, it had not identified "any remedial — as opposed to punitive — purpose for the sanctions." *Id.* at 1061. On remand, the Commission again sustained the sanctions and the petitioners again seek review.

## II.  Analysis

We review for abuse of discretion a decision of the Commission regarding sanctions imposed by the NASD. *Stoiber v. SEC*, 161 F.3d 745, 753 (D.C. Cir. 1998). The agency's choice of remedy is "peculiarly a matter for administrative competence," and we will reverse it "only if the remedy chosen is unwarranted in law or is without justification in fact." *Am. Power & Light Co. v. SEC*, 329 U.S. 90, 112-13 (1946).

The petitioners first contend the Commission violated the letter and the spirit of this court's mandate by giving insufficient weight to the factors they raised in mitigation. In *PAZ I*, we directed the Commission to consider on remand whether the sanctions were excessive in light of three arguments: that the petitioners' failure to respond "(1) was of no potential monetary benefit to them and (2) did not result in any injury to the investing public, and that (3) the information requested did not relate to injurious conduct or conduct of potential monetary benefit to them." 494 F.3d at 1065. The petitioners argue the Commission gave "short shrift" to those factors, but we conclude the Commission reasonably decided no mitigation was warranted.

The Commission pointed out that a violation of Procedural Rule 8210 would rarely, in itself, result in direct injury to a customer or direct monetary gain for a violator. *PAZ Sec., Inc.*, Exchange Act Release No. 57,656, 2008 SEC LEXIS 820 at *17 (*PAZ II*). It determined that failure to

respond is nevertheless a significant harm to the self-regulatory system because it "undermines NASD's ability to detect misconduct"; therefore the lack of direct harm to customers or benefit to violators does not mitigate a Rule 8210 violation. *Id*. at *17-18. The Commission further held that, contrary to the petitioners' argument, the requested information did relate to potentially injurious conduct because the responses could have revealed improper expense sharing and unreported securities transactions. *Id.* at *18-19.

We hold the Commission did not abuse its discretion in determining the lack of direct harm or benefit does not mitigate a complete failure to respond in violation of Procedural Rule 8210. *See Stoiber*, 161 F.3d at 753 ("We will not lightly disturb the findings of an agency in its area of expertise. ... [T]he Commission is better equipped to judge [the significance of certain violations] than this Court.") (quoting *Seaton v. SEC*, 670 F.2d 309, 311 (D.C. Cir. 1982)). The Commission also reasonably determined the requested information related to potentially injurious conduct. In sum, the Commission complied with our mandate, which did not prejudge whether the factors raised by the petitioners were necessarily mitigating.

The petitioners next argue the Commission abused its discretion by determining the sanctions imposed by the NASD were remedial. As we noted in *PAZ I*, a sanction may be used to protect investors but not to punish a regulated person or firm. 494 F.3d at 1065. We directed the Commission to "explain why imposing the most severe, and therefore apparently punitive sanction is, in fact, remedial." *Id.* at 1066. The petitioners contend the Commission's explanation is inadequate because the agency failed to consider the factors outlined in *Steadman v. SEC*, 603 F.2d 1126, 1140 (5th Cir. 1979), *aff'd on other grounds*, 450 U.S.

91 (1981),[*] or to say why no lesser sanctions would suffice to protect investors. We disagree.

We cited *Steadman* in *PAZ I* for the proposition that the Commission must be "particularly careful to address potentially mitigating factors" when it affirms an order to expel a firm from the NASD. 494 F.3d at 1065. We did not, however, direct the Commission to follow the *Steadman* analysis in every case. Although the factors listed in *Steadman* will often be relevant — and the Commission did consider several of them without adverting *eo nomine* to *Steadman* — we do not require the Commission to explain itself by reference to "some mechanical formula." *Blinder, Robinson & Co. v. SEC*, 837 F.2d 1099, 1113 (D.C. Cir. 1988) ("Commission's broad discretion in fashioning sanctions in the public interest cannot be strictly cabined according to some mechanical formula").[**]

Here, the Commission made the necessary "findings regarding the protective interests to be served" by expulsion.

---

[*] Those factors are: "the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations." 603 F.2d at 1140.

[**] The petitioners err in suggesting this court embraced *Steadman* in *Blinder, Robinson & Co*. We noted *Steadman* "erected a daunting standard to justify permanent exclusion from the securities industry" but pointed out that "the crafting of an appropriate remedy is peculiarly within the province of an expert agency." 837 F.2d at 1111. We did not resolve the question now before the court but rather remanded the case because the Commission had failed to admit evidence regarding a salient point. *Id.* at 1112.

*See McCarthy v. SEC*, 406 F.3d 179, 189 (2d Cir. 2005). The Commission first explained the harm to investors when a member firm fails to respond to a request for information. *PAZ II*, 2008 SEC LEXIS 820 at *10-13. The Commission then found Mizrachi posed "a clear risk of future misconduct" because of his "cavalier disregard" for his obligation to provide information, particularly while traveling, and his business would often take him abroad in the future. *Id.* at *28-29. Thus, the Commission reasonably determined the sanctions were necessary to protect investors.

Furthermore, the petitioners err in arguing the Commission must, in order to justify expulsion as remedial, state why a lesser sanction would be insufficient. We require the Commission to explain its reasoning in order to ensure it reviewed the sanction with "due regard for the public interest and the protection of investors." 15 U.S.C. § 78s(e)(2). We do not limit the discretion of the Commission to choose an appropriate sanction so long as its choice meets the statutory requirements that a sanction be remedial and not "excessive or oppressive." *Id.* Accordingly, we will not require the Commission to choose the least onerous of the sanctions meeting those requirements. *See O'Leary v. SEC*, 424 F.2d 908, 912 (D.C. Cir. 1970) ("While these [mitigating] factors might have warranted a lighter sanction [than debarment], they did not require one") (quoting *Tager v. SEC*, 344 F.2d 5, 8 (2d Cir. 1965)); *McCarthy*, 406 F.3d at 188 (noting the Exchange Act authorizes expulsion "as a means of protecting investors, if ... necessary or appropriate to that end") (quoting *Wright v. SEC*, 112 F.2d 89, 94 (2d Cir. 1940)).

In support of their position, the petitioners point to our statement in *PAZ I* that the Commission must show "why less severe action would not serve to protect investors." 494 F.3d at 1065 (quoting *Steadman*, 603 F.2d at 1137). The court in

*Steadman* recognized, however, that it was limited to deciding whether the Commission had made "an allowable judgment in its choice of the remedy," 603 F.2d at 1139 (quoting *Jacob Siegel Co. v. FTC*, 327 U.S. 608, 612 (1946)), and we quoted *Steadman* only for the well-established rule that an agency must adequately explain its decisions, *see PAZ I*, 494 F.3d at 1065; *see also Rizek v. SEC*, 215 F.3d 157, 161 (1st Cir. 2000) (explaining *Steadman* says "no more than ... that agencies must sufficiently articulate the grounds of their decisions"). As discussed above, the Commission here gave adequate reasons for holding the sanctions are warranted to protect investors. We require no more.

## III. Conclusion

In sum, the Commission reasonably explained why the sanctions are remedial and are not excessive or oppressive. The petition for review is therefore denied.

*So ordered*.