Howard Brett **BERGER**, Petitioner,

v.

**SECURITIES and EXCHANGE COMMISSION**, Respondent.

No. 09–0062–ag.

United States Court of Appeals, Second Circuit.

Oct. 1, 2009.

Andrew Todd Solomon, Sullivan & Worcester, LLP, New York, NY, for Petitioner.

Luis de la Torre, Senior Litigation Counsel (David M. Becker, General Counsel, Mark D. Cahn, Deputy General Counsel, and Jacob H. Stillman, Solicitor, on the brief), Washington, DC, for Respondent.

PRESENT: JON O. NEWMAN, B.D. PARKER, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Howard Brett Berger seeks review of two orders of the SEC, the first sustaining disciplinary action against him by the National Association of Securities Dealers ("NASD")[1], and the second affirming that sanction after our remand for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

Berger first contends that the SEC's finding that Berger was subject to NASD's retention jurisdiction was not based on substantial evidence. In applying the substantial evidence standard of review, we uphold the SEC's findings of fact where they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217, 59 S.Ct. 206, 83 L.Ed. 126 (1938). We review the SEC's legal conclusions for arbitrariness, capriciousness, and

---

1. NASD was consolidated with other regulatory bodies in 2007 to become the Financial Industry Regulatory Authority ("FINRA").

abuse of discretion. *Markowski v. SEC,* 34 F.3d 99, 104 (2d Cir.1994).

■ NASD has jurisdiction over its members and associated persons, the latter being defined as "natural person[s] who ... [have] applied for registration under the Rules of Association," NASD By–Laws, art. I, § dd(1), and it retains such jurisdiction for two years after the effective date of the individual's termination of association, *id.* at art. V, § 4, *available at* www.finra.org/web/groups/ industry/@ip/@reg/@notice/documents/ notices/p009798.pdf. NASD jurisdiction has been held to extend to those applicants who have applied for membership but who have not been approved, including those who have signed and submitted a Form U4. *See, e.g., Dep't of Enforcement, Complainant v. Respondent,* Complaint No. C 10010146, 2003 NASD Discip. LEXIS 1, at *9 n. 4 (N.A.C. Jan. 3, 2003). We conclude that the finding that Berger signed and submitted a Form U4 within the two years prior to the first on-the-record interview ("OTR") at which he was asked to appear was grounded in the record and was supported by substantial evidence. The initial Form U4 bore Berger's name on the "signature of applicant" line and was twice amended over the month after its submission on April 15, 2003. In addition, the information that was supplied in connection with those amendments in all likelihood could only have been provided by Berger, and Berger had strong incentives to seek registration in April 2003.

■ Berger next contends that the SEC abused its discretion in sustaining a sanction against him that permanently barred him from associating with any NASD member firm. Under the Administrative Procedure Act ("APA"), we review the SEC's sanction determinations for whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We overturn such sanctions only if they are unwarranted in law or without justification in fact. *McCarthy v. SEC,* 406 F.3d 179, 188 (2d Cir.2005). We have discretion to reduce or eliminate a sanction if it is "excessive or does not serve its intended purposes." *Id.*

We find the SEC's sanction to be warranted in law and adequately justified in its decisions, and note that the SEC was not required to impose the least onerous sanction available to it, so long as the sanction it chose was remedial and not excessive or oppressive. *See PAZ Sec., Inc. v. SEC (PAZ II),* 566 F.3d 1172, 1174–76 (D.C.Cir.2009). In light of Berger's past disciplinary history with NASD; the circumstances of his failure to appear at the two OTRs; the importance of the Millennium investigation to NASD, which Berger's conduct at least somewhat impeded; and the seriousness of Rule 8210 violations in general, we conclude that the SEC was within its discretion in sustaining the agency's permanent bar against Berger.

■ Finally, Berger argues that NASD's procedures fail to meet the fairness requirement of the Securities Exchange Act of 1934 ("SEA"), *see* 15 U.S.C. § 78o–3, because they do not allow an associated person to challenge NASD's jurisdiction over him or her prior to an OTR. In essence, Berger contends that NASD should adopt what he alleges to be the New York Stock Exchange's practice of imposing conditional bars on persons who violate its rules. We have held, however, that NASD is not a state actor subject to due process requirements, *D'Alessio v. SEC,* 380 F.3d 112, 120 n. 12 (2d Cir.2004), and to the extent that NASD provides those persons who refuse to appear at an OTR a full, albeit delayed, opportunity to litigate the jurisdictional issue after disciplinary proceedings have begun, *see Bob*

*Jones Univ. v. Simon,* 416 U.S. 725, 746–47, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), we are satisfied that its procedures comply with the SEA's fairness requirement.

We have reviewed Berger's remaining contentions and conclude that they are without merit.

For the foregoing reasons, Berger's petition for review is DENIED.