09-4215-ag
*Gonchar v. Securities and Exchange Commission*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand ten.

PRESENT:    PIERRE N. LEVAL,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            RICHARD M. BERMAN,
                        *District Judge.*[*]

---

ANDREW P. GONCHAR, POLYVIOS T. POLYVIOU,
        *Petitioners*,

    -v.-                                                    No. 09-4215-ag

SECURITIES AND EXCHANGE COMMISSION
        *Respondent*.

---

                        BRIAN D. GRAIFMAN, Gusrae, Kaplan, Bruno & Nusbaum PLLC,
                        New York, NY (Martin H. Kaplan and Melvyn J. Falis, *on the brief*),
                        *for Petitioners*.

---

[*]The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

CHRISTOPHER PAIK, Special Counsel, Securities and Exchange Commission, Washington, D.C. (David M. Becker, General Counsel, Mark D. Cahn, Deputy General Counsel, and Jacob H. Stillman, Solicitor, *on the brief*), *for Respondents*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Andrew Gonchar and Polyvios Polyviou petition this Court for review of an August 14, 2009 opinion and order of the Securities and Exchange Commission ("SEC"), sustaining the sanctions imposed on them by the National Association of Securities Dealers ("NASD")[1] for violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and NASD Conduct Rules 2110, 2120, 2440, and 2320. The sanctions imposed barred Petitioners from associating with any NASD member firm and fined them each $114,022, while also assessing costs. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

Under the Administrative Procedure Act, applicable to our review of orders of the SEC, "a reviewing court shall 'hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Heath v. SEC*, 586 F.3d 122, 131 (2d Cir. 2009) (quoting *MFS Secs. Corp. v. SEC*, 380 F.3d 611, 617 (2d Cir. 2004) (quoting 5 U.S.C. § 706(2))). We similarly "review the legal conclusions of the SEC only for 'arbitrariness, capriciousness, and abuse of discretion.'" *First Independence Group,*

---

[1] In 2007, NASD was consolidated with other regulatory bodies and the name of the new body was changed to the Financial Industry Regulatory Authority, Inc., or FINRA.

*Inc. v. SEC*, 37 F.3d 30, 32 (2d Cir. 1994). In addition, "we must affirm '[t]he findings of the Commission as to the facts, if supported by substantial evidence.'" *Heath*, 586 F.3d at 131 (quoting *MFS Secs. Corp.*, 380 F.3d at 617 (quoting 15 U.S.C. § 80b-13(a))); *see also* 15 U.S.C. § 78y(a)(4). We review the SEC's decision to sustain the sanctions imposed by a self-regulatory organization for abuse of discretion, overturning them only if they are "unwarranted in law [or] without justification in fact." *McCarthy v. SEC*, 406 F.3d 179, 188 (2d Cir. 2005) (alteration in original) (quoting *Markowski v. SEC*, 34 F.3d 99, 105 (2d Cir. 1994)). We may reduce or eliminate a sanction if the sanction imposed is "excessive or does not serve its intended purposes." *Id.*

Petitioners first contend that the SEC erred in applying a preponderance of evidence standard of proof in finding them guilty of the fraudulent conduct charged in this case, asserting that NASD was required to prove the charges on the basis of clear and convincing evidence. Faced with the Supreme Court's decision in *Steadman v. SEC*, 450 U.S. 91 (1981), that held explicitly that Commission disciplinary proceedings initiated pursuant to 15 U.S.C. § 80a-9(b) and § 80b-3 are "governed by a preponderance-of-the-evidence standard," even when they seek to punish violations of antifraud provisions of federal securities laws, *see id.* at 103, Petitioners attempt to distinguish it by noting that the present case was originally heard before a NASD hearing panel, rather than an Administrative Law Judge within the SEC. We see no reason why the standard adopted by the Supreme Court for discipline imposed by the SEC should not apply equally to discipline initially imposed by the NASD and then sustained by the SEC. Petitioners, furthermore, have not provided, nor have we found, any cases finding *Steadman* inapplicable on these grounds. Indeed the one case the parties cite that addresses the issue rejects Petitioners' position. *See Seaton v. SEC*, 670 F.2d

309, 311 (D.C. Cir. 1982). We conclude that the SEC appropriately applied a preponderance of the evidence standard of proof in these proceedings.

Petitioners also contend that they were improperly denied the use of subpoenas in the original NASD proceeding in this case and that the SEC erred in finding that they were not harmed by any error committed. Because the SEC did not decide whether Petitioners were in fact entitled to serve subpoenas, we confine ourselves to the issue whether any error committed was prejudicial, and agree with the SEC that it is clear that even if Petitioners were entitled to serve subpoenas, the Hearing Officer's ruling to the contrary did not prejudice them. *See Green Island Power Authority v. FERC*, 577 F.3d 148, 165 (2d Cir. 2009). Petitioners assert that had they been able to issue subpoenas, they would have sought testimony from two witnesses not subject to NASD jurisdiction and whose testimony thus could not otherwise be compelled in the proceeding before the NASD Hearing Panel below. However, they fail to show that their inability to obtain testimony from either witness harmed them in this case.

Petitioners assert that they would have sought testimony from Anthony Coscio, the owner of Avalon Asset Management, Inc. ("Avalon"), the entity that they interpositioned between their firm, CIBC World Markets Corp. ("CIBC"), and the retail customer in the transactions at issue in this proceeding. However, they suggest only that Coscio could have offered some insight into his trading strategy, which Petitioners claimed to have been faithfully carrying out in the trades at issue. They fail to address the SEC's conclusion below that whatever Avalon's "trading strategy," those intentions would not affect the SEC's determination that Petitioners had interpositioned Avalon between their firm and retail customers and that the interpositioning in question constituted fraud,

4

as the Petitioners used it to charge excessive and undisclosed markups to the retail customers. We agree with the SEC that Coscio's testimony could at most have offered some explanation for Avalon's cross-trades with itself that the Hearing Panel in this case found particularly puzzling. There is no indication that this testimony would have been able to rebut the direct evidence of Petitioners' interpositioning Avalon in order fraudulently and without disclosure to charge customers excessive prices for the convertible bonds in question. We conclude that Petitioners were not prejudiced by the exclusion of Coscio's testimony.

Petitioners also assert that they would have sought testimony from Vincent Rusciano, a former clerk at CIBC. Petitioners claim Rusciano delivered handwritten trade tickets from them to CIBC's retail liaison, Debora Frank. Petitioners suggest that these tickets might establish the timing of some of the trades at issue here, but they provide no basis to conclude that a former clerk no longer working in the securities industry would have the records in question, nor do they suggest how this evidence would rebut the fraudulent trading pattern apparent with respect to those transactions referred to in Petitioners' recorded telephone conversations with Frank. We conclude that with respect to Rusciano's testimony too, Petitioners have failed to show any prejudice from its exclusion, even assuming they were entitled to serve subpoenas in the first place.

Finally, Petitioners contend that the SEC abused its discretion here in sustaining sanctions Petitioners claim are excessive and in imposing the same sanctions on Polyviou as upon Gonchar based on a finding that both were equally culpable. We reject both arguments.

The SEC's conclusion in this case that Petitioners' misconduct here was "egregious" was well supported, based on the demonstrated pattern of use of the interpositioning of Avalon to charge

customers excessive markups, and it justified the imposition of a substantial fine and a bar on Petitioners. *See, e.g.*, *In re Donald T. Sheldon*, 51 S.E.C. 59, 78, 88 (1992) (finding interpositioning by applicant "particularly egregious" and imposing a total bar on association with any broker or dealer). While Petitioners fault the SEC for not demonstrating that customers ultimately lost money on the challenged transactions, even assuming that a showing of customer harm is needed to justify the ban and fines imposed, there was substantial evidence here supporting the SEC's finding that Petitioners injured their retail customers by depriving them of the best prices for the bonds purchased, including recorded conversations in which Petitioners priced the transactions based not on the prevailing market price but rather on a price derived from the highest price reached by the underlying stock in a given day. Further, while Petitioners fault the SEC for failing to make a "true comparison to determine the fair market price" for the bonds involved, Petitioners' Br. at 45, the SEC's use of the price at which Petitioners acquired the convertible bonds to assess the fairness of the ultimate price paid by the customer was appropriate in the absence of any other evidence regarding market price and given that Petitioners themselves did not attempt to determine the prevailing market price in pricing the bonds for sale to the ultimate customers. Finally, Petitioners provide no support for their claim that the SEC should have considered other, legitimate trades they executed while at CIBC, and we reject the notion that the SEC was obligated to consider the fact that Petitioners also executed other trades in compliance with the relevant securities laws as a mitigating factor.

Petitioners claim that the sanction imposed on Polyviou was excessive because the finding that Polyviou committed fraud was "based merely on [his] presence and participation in an office

where fraud takes place." Petitioners' Br. at 47. The SEC, however, found that Polyviou actively participated in the fraudulent scheme. This finding was supported by substantial evidence, none of which is contested by Petitioners, including the fact that Petitioners shared commissions from the fraudulent cross-trades equally, that Polyviou himself communicated with Frank to obtain price levels, provide her with account information, and direct her to execute cross-trades, and that Gonchar, Polyviou, and Frank were all recorded discussing using the high stock price of the day to derive prices for the cross-traded convertible bonds, supporting Frank's testimony that both Petitioners wanted to calculate the bond prices in this manner. We cannot find here that either the severity of the sanction or the decision to impose an equivalent sanction on each Petitioner was "unwarranted in law [or] without justification in fact." *McCarthy*, 406 F.3d at 188 (alteration in original).

We have considered all of Petitioners' remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is hereby **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk