10-4566-ag
*Ricupero v. SEC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand eleven.

PRESENT:

> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,
>
> JOHN G. KOELTL,
> *District Judge*.*

---

JOSEPH RICUPERO,

*Petitioner*,

-v.-                                                             No. 10-4566-ag

SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

---

MARNI E. WEISS, Weiss Imbesi PLLC, New York, New York, *for Petitioner*.

---

* The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

MORGAN BRADYLYONS, Senior Counsel (Mark D. Cahn, General Counsel, Anne K. Small, Deputy General Counsel, Jacob H. Stillman, Solicitor, Randall W. Quinn, Assistant General Counsel, *on the brief*), Securities and Exchange Commission, Washington, D.C., *for Respondent*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Joseph Ricupero ("Ricupero") petitions for review of a final opinion and order of the Securities and Exchange Commission ("SEC") sustaining the National Association of Securities Dealers, Inc.'s ("NASD")[1] imposition of a permanent bar against Ricupero from associating with any NASD member firm in any capacity. A Hearing Panel of the NASD issued a decision, dated May 14, 2008, imposing the bar for failure to respond to NASD's requests for information and documents, in violation of NASD Rules 8210 and 2110. Subsequent to a proceeding before the NASD's National Adjudicatory Council, which affirmed the Hearing Panel's sanction in a decision dated October 1, 2009, the SEC sustained the Council's determinations on September 10, 2010. Ricupero timely filed a petition for review in this Court on November 8, 2010. We assume the parties' familiarity with the underlying facts and procedural history.

The factual findings of the SEC are conclusive if they are supported by substantial evidence. *See Markowski v. SEC*, 34 F.3d 99, 104 (2d Cir. 1994); *see also* 15 U.S.C. § 78y(a)(4). We review the SEC's conclusions of law for "arbitrariness, capriciousness and abuse of discretion."

---

[1] Beginning July 30, 2007, in connection with the consolidation of the member firm regulatory functions of NASD and NYSE Regulation, Inc., NASD began operating under a new name, the Financial Industry Regulatory Authority, Inc. ("FINRA"). *See* Securities Exchange Act Release No. 56,146, 2007 WL 5185331, at *1 (July 26, 2007). Because the disciplinary action here was instituted before NASD changed its name, and for ease of reference, this summary order uses the NASD designation throughout.

2

*Markowski*, 34 F.3d at 104 (internal quotation marks omitted). We review the SEC's sustainer of a sanction for abuse of discretion, and "will only overturn [it] if [it is] unwarranted in law [or] without justification in fact." *McCarthy v. SEC*, 406 F.3d 179, 188 (2d Cir. 2005) (internal quotation marks omitted). "Typically, such an abuse of discretion will involve either a sanction palpably disproportionate to the violation or a failure to support the sanction chosen with a meaningful statement of findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." *Id.* (internal quotation marks omitted). "[I]f we conclude that the sanction is excessive or does not serve its intended purposes, we have discretion to reduce or eliminate it." *Id.*

Ricupero argues that the SEC erred in sustaining the permanent bar imposed by the NASD because that sanction was "excessive or oppressive," 15 U.S.C. § 78s(e)(2), and punitive rather than remedial. For the following reasons, Ricupero's arguments fail.

At the start, Ricupero's assertion in his appellate brief that he responded to the NASD's Rule 8210 request in May 2006, and that the NASD received that response, is to no avail. The SEC's determination to adopt the Hearing Panel's finding, which discredited Ricupero's testimony on this point, was amply supported by substantial evidence in the record, and is thus conclusive. Ricupero's contention that the NASD's sanction was excessive and oppressive because he responded to the Rule 8210 requests in May 2006 is therefore without merit.

Ricupero nevertheless contends that his "belated" November 2007 response to the NASD's requests for information – well after the NASD filed its complaint against him – should have precluded both the conclusion that his conduct constituted a complete non-response, and the imposition of a permanent bar. But as the SEC has expressly noted, the prior decisions of the SEC

3

on which Ricupero relies are inapplicable here because they involved individuals who provided partial responses to the NASD's Rule 8210 requests *prior* to the initiation of disciplinary proceedings against them. *See CMG Institutional Trading, LLC*, Exchange Act Release No. 59,325, 95 SEC Docket 270, 2009 WL 223617, at *3-*5 (Jan. 30, 2009); *Perpetual Secs., Inc.*, Exchange Act Release No. 56,613, 91 SEC Docket 2083, 2007 WL 2892696, at *8-*9, *12 (Oct. 4, 2007). By contrast, where an individual responds to a Rule 8210 request for information only after a disciplinary proceeding has been initiated against him, the SEC has ruled that such conduct constitutes a complete failure to respond. *See Elliot M. Hershberg*, Exchange Act Release No. 53,145, 87 SEC Docket 494, 2006 WL 140646, at *1, *3-*4 (Jan. 19, 2006). The SEC therefore did not err in sustaining the NASD's sanction on this ground.

Ricupero next contends that the bar imposed by the NASD is improper because it is punitive, not remedial. We disagree. In considering the SEC's sustainer of sanctions, "[o]ur foremost consideration must . . . be whether [a] sanction protects the trading public from further harm." *McCarthy*, 406 F.3d at 188. "Although general deterrence is not, by itself, sufficient justification for expulsion or suspension, . . . it may be considered as part of the overall remedial inquiry." *Id.* at 189. Here, in light of, *inter alia*, the NASD's self-regulatory function; the importance of the information requested; the NASD's repeated attempts to obtain a response; the seriousness of Rule 8210 violations generally; and the need to prevent Ricupero from reentering the securities industry, we find that the SEC acted within its discretion in concluding that a permanent bar was the appropriate remedy for Ricupero's violations.

Finally, Ricupero argues that the SEC erred in failing to explain why a lesser sanction should not have been imposed. Ricupero's argument fails. As a preliminary matter, the SEC is not required

4

to impose the least onerous sanction available to it. *See Paz Secs., Inc. v. SEC*, 566 F.3d 1172, 1176 (D.C. Cir. 2009). In this case, the SEC properly applied the NASD's Sanction Guidelines, as well as its accompanying "Principal Considerations," and explained in detail its reasons for rejecting Ricupero's contention that a lesser sanction was appropriate. We therefore conclude that the SEC sufficiently provided its reasons for sustaining the permanent bar imposed by the NASD.

We have reviewed Ricupero's remaining arguments and find them to be waived or without merit. *See* 15 U.S.C. § 78y(c)(1) ("No objection to an order or rule of the [Securities and Exchange] Commission, for which review is sought under this section, may be considered by the court unless it was urged before the Commission or there was reasonable ground for failure to do so."). For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk