# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 19-1251**                                     **September Term, 2020**

**SEC-3-18546**

**Filed On:** January 5, 2021

Allen Holeman,

　　　　Petitioner

　　v.

Securities and Exchange Commission,

　　　　Respondent

### PETITION FOR REVIEW FROM AN ORDER OF
### THE SECURITIES AND EXCHANGE COMMISSION

**BEFORE:**　　Henderson, Rogers, and Katsas, Circuit Judges

## J U D G M E N T

This petition for review of an order of the Securities and Exchange Commission ("SEC") was considered on the briefs and appendix filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for leave to file a supplemental appendix, and the lodged appendix, it is

**ORDERED** that the motion for leave to file a supplemental appendix be granted. The Clerk is directed to file the lodged supplemental appendix. It is

**FURTHER ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner seeks review of an SEC order sustaining the results of a Financial Industry Regulatory Authority ("FINRA") disciplinary action taken against him due to his failure to disclose three federal tax liens. The SEC's conclusions that petitioner knew of the liens around the time they were filed, and thus failed to timely disclose them, and that petitioner provided a false statement on his 2014 Annual Compliance Certification, are supported by substantial evidence. See Steadman v. SEC, 450 U.S. 91, 96 n.12 (1981). Additionally, petitioner has failed to show that the SEC erred in concluding that he was statutorily disqualified under 15 U.S.C. § 78c(a)(39)(F) because he willfully failed to disclose the liens. See Wonsover v. SEC, 205 F.3d 408, 413-15 (D.C. Cir. 2000); SEC v. Steadman, 967 F.2d 636, 643 (D.C. Cir. 1992). Finally, the SEC did not abuse its discretion in sustaining the sanctions imposed by FINRA. See PAZ Securities, Inc. v. SEC, 566 F.3d 1172, 1174 (D.C. Cir. 2009).

## No. 19-1251                          September Term, 2020

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk