# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 24-1095

September Term, 2024

FILED ON: DECEMBER 27, 2024

MATTHEW LOGAN,

        APPELLANT

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        APPELLEE

---

On Petition for Review of an
Order of the Securities and Exchange Commission

---

Before: WILKINS, KATSAS, AND CHILDS, *Circuit Judges*

## <u>JUDGMENT</u>

This appeal was considered on the record from the Securities and Exchange Commission and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has fully considered the issues and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** that the petition for review be **DENIED**.

I

Matthew Logan, a former sales agent for Penn Mutual Life Insurance Company, seeks review of an order barring him from working in the securities industry. Logan was required to take various continuing education courses, including a Regulatory Element covering regulatory and ethics compliance. The Financial Industry Regulatory Authority (FINRA) requires individuals taking this course to attest to their identity and warns that cheating or using an impostor may result in an industry bar.

Logan did not take the required courses. Instead, on at least four different occasions, he directed his assistant to complete them on his behalf using his login credentials. When Penn Mutual confronted Logan with incriminating emails, he dissembled. Eventually, he was fired.

In a subsequent FINRA investigation, Logan admitted that he had asked his assistant to complete some courses for him but claimed not to remember asking her to complete the Regulatory Element. Logan also admitted that his statements to Penn Mutual had been evasive. FINRA charged Logan with violating its Rule 2010, which requires securities professionals to "observe high standards of commercial honor and just and equitable principles of trade." Rule 2010, Standards of Commercial Honor and Principles of Trade, https://perma.cc/XLB2-SYKH. This Rule codifies "high ethical standards" because "customers and firms must be able to trust securities professionals with their money." *Saad v. SEC*, 873 F.3d 297, 299 (D.C. Cir. 2017) (*Saad II*) (cleaned up).

Logan admitted the violation but requested a hearing on sanctions. After the hearing, a FINRA panel imposed a lifetime industry bar on him. The panel reasoned that "dishonesty in using an impostor on the Regulatory Element evidences such a complete disregard for FINRA's rules that a bar is necessary to protect the investing public." J.A. 6 (cleaned up). FINRA's National Adjudicatory Council agreed. It reasoned that Logan's repeated pattern of delegating compliance courses and his evasiveness "demonstrated an inability to comply with FINRA's rules" and "cast doubt on his ability to comply with regulatory requirements." *Id.* (cleaned up).

The SEC in turn sustained the sanction. It reasoned that Logan had given a "false impression that he had completed the courses himself" and thus "gained proficiency in the standards of competence and professionalism covered in those courses." J.A. 8. The SEC also noted that a "bar is standard" for cheating on, or using an impostor to take, the Regulatory Element. *Id.* at 10 (cleaned up). The SEC assumed that Logan did not knowingly forward the Regulatory Element to his assistant. But the SEC nonetheless found Logan's conduct "unethical and deceptive" as well as "repeated." *Id.* at 11. And it noted that Logan "attempted to conceal his misconduct by lying" to Penn Mutual even after being confronted with incriminating emails. *Id.*

## II

We review SEC decisions about FINRA sanctions for abuse of discretion. *PAZ Secs., Inc. v. SEC*, 566 F.3d 1172, 1174 (D.C. Cir. 2009) (*PAZ II*). We "accord great deference to the SEC's remedial decisions and will not disturb them unless they are unwarranted in law or without justification in fact." *Koch v. SEC*, 793 F.3d 147, 152 (D.C. Cir. 2015) (cleaned up).

The SEC "may impose sanctions for a remedial purpose, but not for punishment." *Siegel v. SEC*, 592 F.3d 147, 157 (D.C. Cir. 2010) (cleaned up). To justify a sanction as remedial, the agency must explain the nature of the violation, the mitigating factors in the record, and the protective interests to be served. *PAZ II*, 566 F.3d at 1174–76; *PAZ Secs., Inc. v. SEC*, 494 F.3d 1059, 1064–65 (D.C. Cir. 2007) (*PAZ I*). We have held that an industry bar is remedial "if imposed to protect the public." *Springsteen-Abbott v. SEC*, 989 F.3d 4, 9 (D.C. Cir. 2021) (cleaned up); *see also Saad v. SEC*, 980 F.3d 103, 109 (D.C. Cir. 2020) (*Saad III*). But we have required the SEC, in reviewing a proposed bar, to be "particularly careful to address potentially mitigating factors." *PAZ I*, 494 F.3d at 1065.

The SEC satisfied these standards. First, it thoroughly explained the nature of Logan's violation. As the agency laid out, Logan forwarded four continuing education courses to his assistant and directed her to complete them on his behalf. One of them was FINRA's Regulatory Element, which "focuses on compliance, regulatory, ethical, and sales practice standards." J.A. 4. Additionally, Logan repeatedly denied this misconduct even after being confronted with

incriminating emails. The SEC quite reasonably characterized this conduct as "unethical and deceptive," as "repeated," and as showing "a troubling disregard for FINRA's rules." *Id.* at 11.

Second, the SEC carefully addressed mitigating evidence. Logan contends that he suffered from personal and professional stress when he directed his assistant to take the courses. But as the SEC explained, Logan never asked his employer for more time to complete the courses or his work. The SEC may reasonably conclude that post-hoc allegations of stress are unpersuasive when the sanctioned individual "had not discussed the professional setbacks he was undergoing with his firm or otherwise sought assistance." *Saad II*, 873 F.3d at 303.

Third, the SEC reasonably found that a bar was appropriate to protect the public. Under our precedent, the SEC "may approve expulsion not as a penalty but as a means of protecting investors." *Saad III*, 980 F.3d at 109 (cleaned up). Here, the SEC reasonably determined that barring Logan would protect investors. Specifically, it reasoned that Logan's "blatant and repeated disregard for … ethical and professional obligations raises a clear risk of future misconduct," which made the bar "appropriately remedial and not excessive or oppressive." J.A. 14. We have upheld similar reasoning. *See PAZ II*, 566 F.3d at 1176.

Logan's other contentions lack merit. He objects that the sanction imposed here was harsher than sanctions imposed in other cases. But the SEC reasonably discounted those cases, which involved settlements rather than adversarial adjudications. Finally, Logan argues that a FINRA officer deprived him of a fair hearing by not paying attention. The SEC concluded that the officer asked clarifying questions "trying to understand Logan's testimony," a characterization we find amply supported by the record. J.A. 9–10.

### III

For these reasons, we deny the petition for review. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk

3