# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-1308**
**September Term, 2025**

**SEC-3-21246**

**Filed On:** September 18, 2025

Wilfredo Felix,

      Petitioner

    v.

Securities and Exchange Commission,

      Respondent

### PETITION FOR REVIEW FROM AN ORDER OF
### THE SECURITIES AND EXCHANGE COMMISSION

**BEFORE:**    Walker, Childs, and Pan, Circuit Judges

### J U D G M E N T

This petition for review of an order of the Securities and Exchange Commission ("SEC") was considered on the briefs and appendix filed by the parties.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing, the motion to supplement the record, the opposition thereto, and the reply, it is

**ORDERED** that the motion to supplement the record be dismissed as moot in part and denied in part.  To the extent that petitioner seeks to provide documents that are already part of the administrative record, the motion is dismissed as moot.  The motion is otherwise denied because petitioner has not demonstrated that supplementation is appropriate.  See 15 U.S.C. § 78y(a)(5); Mozilla Corp. v. FCC, 940 F.3d 1, 61 (D.C. Cir. 2019).  It is

**FURTHER ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner seeks review of an SEC order sustaining the result of a Financial Industry Regulatory Authority ("FINRA") disciplinary action taken against him based on his failure to comply with FINRA's investigative requests.  The SEC's conclusions that petitioner received the requests and failed to comply with them are supported by substantial evidence, and petitioner's unsupported arguments that he either did comply or never received the requests are unpersuasive.  See 15 U.S.C. § 78y(a)(4) ("The findings of the Commission as to the facts, if supported by substantial evidence, are conclusive.").  Petitioner's arguments concerning the default decision issued by FINRA are also

unavailing.  The record contains substantial evidence demonstrating that the disciplinary complaint was properly served under FINRA Rule 9134(b), and petitioner has not pointed to any obligation on the part of FINRA to undertake additional efforts to ascertain new address information for petitioner.

Furthermore, the SEC did not abuse its discretion in sustaining the sanction imposed by FINRA.  See PAZ Sec., Inc. v. SEC, 566 F.3d 1172, 1174 (D.C. Cir. 2009).  The SEC explained the remedial purpose of the associational bar, considered whether there were aggravating or mitigating factors, and determined that the sanction was not excessive or oppressive, particularly in light of the importance of the information requested to FINRA's regulatory mission.  See Saad v. SEC, 980 F.3d 103, 106 (D.C. Cir. 2020); see also 15 U.S.C. § 78s(e)(2).  Petitioner has not shown that the SEC abused its broad discretion simply because he was sanctioned with an associational bar in a prior, separate FINRA proceeding.

Petitioner's remaining arguments, including his constitutional challenges, are forfeited because he either did not raise them before the SEC, see 15 U.S.C. § 78y(c)(1); Doe v. SEC, 28 F.4th 1306, 1316 (D.C. Cir. 2022), or raises them in this court only "in the most skeletal way," see Gov't of Manitoba v. Bernhardt, 923 F.3d 173, 179 (D.C. Cir. 2019).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**